# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0733V
UNPUBLISHED

| | |
|---|---|
| MICHAEL WILKINSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 11, 2022<br><br>Special Processing Unit (SPU);<br>Proffer; Influenza (Flu); Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA). |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON DAMAGES[1]

On May 17, 2019, Michael Wilkinson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of the influenza ("flu") vaccine on November 20, 2017, he suffered a shoulder injury related to vaccination ("SIRVA") as defined on the Vaccine Injury Table (the "Table"). Petition (ECF No. 1) at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 14, 2022, I issued a ruling that Petitioner was entitled to compensation. On March 11, 2022, Respondent filed the attached proffer on an award of compensation, to which Petitioner agrees. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $50,029.74 (representing $50,000.00 for pain and suffering and $29.74 for past unreimbursable expenses).** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

MICHAEL WILKINSON,

               Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

               Respondent.

Case No. 19-733V (ECF)
CHIEF SPECIAL MASTER
CORCORAN

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Procedural History**

On January 14, 2022, the Chief Special Master issued a Ruling on Entitlement,[1] finding that petitioner was entitled to compensation under the Act.

**II.     Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $50,029.74.  The award is comprised of the following: $50,000.00 for pain and suffering and $29.74 for medical mileage.  This amount represents all elements of

---

[1] Respondent does not waive his right to have the Court's Ruling on Entitlement reviewed.

compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) regarding his November 20, 2017, influenza vaccination. Petitioner agrees.[2]

### III. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $50,029.74, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

s/ *Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

DATED:  March 11, 2022